**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 3, 2009

Charles R. Fulbruge III
Clerk

No. 08-50536
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

NICOLAS MATURINO-RENTERIA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:08-CR-6-ALL

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nicolas Maturino-Renteria appeals his conviction for aiding and abetting the possession with intent to distribute marijuana in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. Maturino-Renteria argues that the district court erred in ruling that the Government had not violated the rules of discovery. Maturino-Renteria argued in his motions for a mistrial and for a new trial that the Government violated FED. R. CRIM. P. 16(a)(1)(A) by failing to disclose his oral

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

statement to an investigating officer that his address book contained the phone number for "Jaime," the source of the drugs found in his trailer. The district court denied those motions.

We review "alleged errors in the administration of discovery rules under an abuse of discretion standard and will not reverse on that basis unless a defendant establishes prejudice to his substantial rights." *United States v. Holmes*, 406 F.3d 337, 357 (5th Cir. 2005). We also review denials of motions for mistrial and for a new trial for an abuse of discretion. *United States v. Dupre*, 117 F.3d 810, 823 (5th Cir. 1997); *United States v. Dula*, 989 F.2d 772, 778 (5th Cir. 1993).

We need not decide whether there was a discovery violation by the Government because the district court did not abuse its discretion in its administration of the discovery rules or in its denials of Maturino-Renteria's motions for a mistrial and for a new trial. If a party fails to comply with a discovery rule, the district "court may: (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions; (B) grant a continuance; (C) prohibit that party from introducing the undisclosed evidence; or (D) enter any other order that is just under the circumstances." FED. R. CRIM. P. 16(d)(2). When considering a discovery violation, the district court "should impose the least severe sanction that will accomplish the desired result." *United States v. Bentley*, 875 F.2d 1114, 1118 (5th Cir. 1989).

In this case, although the district court did not officially continue the trial, which is one of the options provided for by Rule 16(d)(2) to remedy a discovery violation, the district court did allow Maturino-Renteria an opportunity during the trial to contact Jaime. Defense counsel called Jaime that evening, and Jaime informed defense counsel that he had no knowledge of or involvement in the offense and that he could not come and testify at trial the next day because of a work conflict.

The next morning, when the trial resumed, defense counsel did not ask that a subpoena be issued for Jaime or ask for a continuance so that Jaime could appear and testify at trial. Accordingly, given that Marturino-Renteria was given an opportunity to contact Jaime and that he did not thereafter alert the district court to a need for a continuance or for a subpoena for Jaime, he has not "demonstrated that his substantial rights were prejudiced by any surprise resulting from the discovery violation." *United States v. Cuellar*, 478 F.3d 282, 294 (5th Cir. 2007) (en banc) (citations omitted), *rev'd on other grounds*, 128 S. Ct. 1994 (2008). For those same reasons, he also has not shown that the district court abused its discretion in connection with its denials of his motions for a mistrial or a new trial. *Holmes*, 406 F.3d at 357; *Dupre*, 117 F.3d at 823; *Dula*, 989 F.2d at 778. The district court's judgment is AFFIRMED.